UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE A. MENA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

CASE NO. 2:21-cv-00091

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes JOSE A. MENA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act (the "FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer, over 18 years-of-age, residing within the Middle District of Florida.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon two defaulted consumer credit card debts in the amounts of $1,022.51 and $289.40 ("subject consumer debts") that Plaintiff originally incurred with Credit One Bank, N.A. ("Credit One") and Synchrony Bank ("Synchrony"), respectively.

8. Plaintiff incurred the subject consumer debts to fund the purchase of personal and household goods and services.

9. Following Plaintiff's default, the subject consumer debts were charged-off by Credit One and Synchrony and sold to Defendant for pennies on the dollar.

10. Starting in approximately October 2020, Defendant embarked in a collection campaign towards Plaintiff seeking payment of the subject consumer debts.

11. Included in Defendant's collection activity has been calls to Plaintiff's cellular phone, (315) XXX-3720.

---

[1] https://www.midlandcredit.com/who-is-mcm/

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3720. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has also sent Plaintiff a series of collection correspondences seeking payment of the subject consumer debts.

14. At the outset of the collection calls, Plaintiff advised Defendant that he was experiencing significant financial difficulty due to COVID-19.

15. As the calls progressed, Plaintiff advised Defendant that he was represented by counsel with regards to the subject consumer debts and provided the contact information for his attorney.

16. Plaintiff further instructed Defendant to cease calling him.

17. Despite Plaintiff's prompts, Defendant has continued to place calls and send correspondences directly to Plaintiff.

18. Plaintiff has repeated his advisements to Defendant that he was represented by counsel and did not want to be directly contacted further.

19. Frustrated that Plaintiff would not succumb to its collection efforts, Defendant has made legal threats to Plaintiff, most notably that he would be sued if he did not promptly make payment.

20. Fearful that Defendant would make good on its threats, which caused Plaintiff to suffer a panic attack, he again consulted with legal counsel.

21. Plaintiff has been unnecessarily harassed and concerned given Defendant's conduct.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, emotional distress, undue fear of litigation, aggravation that accompanies unwanted collection conduct, emotional distress, and out of pocket medical expenses.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and alleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject consumer debts are a "debt(s)" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692c**

28. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from having direct contact with a consumer it knows to be represented by counsel.  Defendant violated the FDCPA by continuing to place collection calls and send correspondences to Plaintiff after it was informed that he was represented by counsel with regards to the subject consumer debts.  As a sophisticated debt collector, Defendant knows it must cease all direct communications with a consumer who it knows is represented by counsel.  Despite acknowledging to Plaintiff its knowledge that he was represented by counsel, Defendant willfully continued to seek payment directly from Plaintiff.  Defendant did so with the intent to secure payment and deprive Plaintiff of his legal rights to consult with his counsel

    b. **Violations of FDCPA §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§1692d and d(5) by continuing to call Plaintiff after he told it to stop and that he was represented by counsel.

31. Defendant further violated § 1692d by threatening Plaintiff with legal action if he did not make payment of the subject consumer debts. These threats were made with the intent to compel Plaintiff's payment on the subject consumer debts. As a sophisticated debt collector, Defendant knows that threats of legal action are particularly effective in securing payments for consumers. Defendant willfully used these threats in an attempt to coerce payment from Plaintiff despite his limited financial means.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly threatened Plaintiff with legal action. Defendant made these legal threats in order to scare Plaintiff into making a payment on the subject consumer debts when he could not afford to.

34. Defendant further violated § 1692f when it unfairly continued to directly contact Plaintiff after knowing he was represented by counsel.

WHEREFORE, Plaintiff JOSE A. MENA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 4, 2021

Respectfully Submitted,

/s/Alejandro E. Figueroa  
Alejandro E. Figueroa, Esq.  
Florida Bar No. 1021163  
*Counsel for Plaintiff*  
Sulaiman Law Group, Ltd  
2500 S Highland Ave, Suite 200  
Lombard, IL 60148  
Telephone: (630) 575-8181 Ext. 120  
alejandrof@sulaimanlaw.com